## Harrisburg School District v. Eureka Casualty Company

*Earl V. Compton,* for plaintiff.
*Arthur Hull,* of *Snyder, Miller, Hull & Hull,* for defendant.

WICKERSHAM, J., July 29, 1932.—This is an action by the plaintiff to recover from the defendant the sum of $35,000 upon a bond made by the defendant to secure a deposit of school funds in the Commercial Trust Company, designated by the plaintiff as a depository for funds belonging to the said School District of the City of Harrisburg. It is alleged, inter alia, that the Commercial Trust Company defaulted in the repayment of the funds so deposited.

The defendant filed an affidavit of defense alleging that the said bond upon which suit was brought was canceled under authority contained in paragraph eight of the bond, which cancellation became effective October 5, 1931.

The plaintiff filed a motion for judgment for want of a sufficient affidavit of defense, after which the defendant filed a supplemental affidavit of defense alleging new matter and pleading a letter from the secretary of the school board attached to the supplemental affidavit of defense and marked exhibit "B," reference to which will hereafter be made. The plaintiff filed a reply to the supplemental affidavit of defense and again filed a motion for judgment for want of a sufficient affidavit of defense, and the defendant also filed a motion for judgment for want of a sufficient reply to the new matter. These motions are now pending.

After carefully considering the record as thus made up, we are of opinion that we cannot allow either motion to prevail. The plaintiff's contentions that the notice to cancel was not filed with the proper officer of the school district, and that the notice does not refer to the bond upon which suit is brought, are purely technical and cannot prevail. The letter of the secretary of the school district, pleaded by the defendant in its supplemental affidavit of defense, clearly shows that the notice was received by the school district through its secretary on September 30, 1931. We quote from the letter of D. D. Hammelbaugh, secretary of the school district, dated October 9, 1931, to Mr. John C. Orr, the agent who made the bond in the instant case, as follows:

"On September 30, 1931, we received a letter from the Eureka Casualty Company of Philadelphia stating that the depository bond on the $35,000 deposited

by the Harrisburg School District in the Commercial Trust Company was canceled, effective at noon on October 5, 1931. . . ."

The notice mailed by the defendant stating that the bond would be canceled five days after the date of the notice clearly refers to the bond upon which suit is brought. There was no other bond given by the defendant to the said school district, so far as the pleadings show. We think, therefore, that the plaintiff's motion for judgment for want of a sufficient affidavit of defense must be overruled.

As we have heretofore stated, the defendant filed a supplemental affidavit of defense containing new matter, pleading the notice of cancellation of the bond given by the defendant September 30, 1931, to be effective at noon on October 5, 1931, and pleading the letter of D. D. Hammelbaugh, the secretary of the said school district, showing that the notice, although mailed to an improper person, reached the office of the secretary of the plaintiff school district on September 30, 1931. It is denied that John C. Orr, on or about October 8, 1931, or at any other time, reaffirmed defendant's contract or undertaking, and averred that no default had been made by the Commercial Trust Company, principal in said bond, so that the only default of the principal on said bond was made after the cancellation of said bond became effective.

Plaintiff's reply to the new matter in the defendant's supplemental affidavit of defense alleges, inter alia, in paragraphs twenty-four and twenty-five, as follows:

"24. Plaintiff avers that the defendant by its duly authorized agent and attorney-in-fact orally on or about the 8th day of October, 1931, reaffirmed said contract or undertaking, exhibit 'A' attached to plaintiff's statement.

"25. The plaintiff avers that from September 30, 1931, to October 5, 1931, and thereafter until October 15, 1931, the Commercial Trust Company had not funds with which to pay to the school district the deposits covered by said agreement, exhibit 'A' attached to plaintiff's statement and was in default thereunder."

Plaintiff further alleges in paragraph twenty-six that it relied upon the statements made by the defendant through its duly authorized agent, John C. Orr, to D. D. Hammelbaugh, secretary, to the effect that said bond was still in force and effect and did permit the said funds to remain on deposit with the Commercial Trust Company. We think the said paragraphs in plaintiff's reply raise questions of fact which must be determined by a jury.

Again referring to the aforesaid letter of D. D. Hammelbaugh, exhibit "B," we find the following:

"I have made repeated efforts to learn whether the Commercial Trust Company would furnish a new bond. The only response I have been able to get is that, through a telephone conversation with the Philadelphia office of the Eureka Casualty Company you were informed that the cancellation had been recalled. At that time I told you that I would have to have, for the school board, a letter from the Eureka Casualty Company stating that they had recalled their letter to us cancelling the depository bond. Up to the present time, no such letter has been received."

The letter then proceeds to notify Mr. Orr that if a letter to the above effect is not received by October 10, 1931, the board of school directors of the said school district will take action to withdraw the deposit of $35,000.

The defendant denies that any such conversation occurred between Mr. Orr and Mr. Hammelbaugh or that Mr. Orr told Mr. Hammelbaugh that the notice of cancellation was withdrawn. If testimony of this nature is submitted to a jury, and if the jury should, by its verdict, determine that such conversation was actually held, the effect would be that the plaintiff school district was lulled into inactivity by a belief that the notice of cancellation had been withdrawn.

A more serious question is raised by the twenty-fourth and twenty-fifth paragraphs of plaintiff's reply, in which it is alleged that at no time between September 30, 1931, and October 5, 1931, or at any time subsequent thereto, until the secretary of banking took over the trust company and closed its doors, on October 15, 1931, did the Commercial Trust Company have sufficient funds to pay the said $35,000 to the school district. This may or may not be a fact, but the court cannot determine it; we think it must be submitted to a jury for its determination. How can the court say as a matter of law that the Commercial Trust Company, at any time after September 30, 1931, had or had not sufficient funds to repay the school district $35,000 on deposit with that trust company? If it be the fact (and there being no denial of it, it must be taken as true) that the depository did not have sufficient funds to pay when notice of cancellation was given, or thereafter, then the liability of the surety attached and a right of cancellation did not then exist. For the reasons above given, we are of opinion that the motion of the defendant for judgment for want of a sufficient reply to the new matter must be overruled. We think a jury must determine the several questions of fact raised by the pleadings.

And now, July 29, 1932, the motion for judgment for want of a sufficient affidavit of defense, and the motion for judgment for want of a sufficient reply to the new matter are overruled.